United States District Court
Southern District of Texas
**ENTERED**
February 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN WILSON, | § | |
| TDCJ # 02041108 | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0028 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin Wilson, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Respondent has filed a motion for summary judgment (Dkt. 14) arguing that the petition is barred by the statute of limitations, and Petitioner has filed a response (Dkt. 16). Respondent also has filed the state court records (Dkt. 15). After considering the pleadings and filings, the applicable law, and all matters of record, the Court will **DISMISS** the petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

I.  **BACKGROUND**

On December 7, 2015, Wilson was convicted of manslaughter in Case No. 14-CR-1790, 56th District Court of Galveston County, and was sentenced to ten years'

imprisonment (Dkt 15-2, at 64-67).[1] On the same day, he was convicted of aggravated assault with a deadly weapon in Case No. 14-CR-1791 and was sentenced to ten years, running concurrently with the sentence in Case No. 14-CR-1790 (Dkt 15-4, at 53-56). *See* Offender Information Details (available at https://offender.tdcj.texas.gov/OffenderSearch/) (last visited Feb. 27, 2019). Wilson did not appeal his convictions.

On November 1, 2016, Wilson executed an application for state habeas relief from his manslaughter conviction (WR-86,222-01), raising five claims of ineffective assistance of counsel (Dkt. 15-2, at 3-20). The trial court received and docketed the application on November 15, 2016 (*id*. at 32), and entered findings of fact and conclusions of law recommending denial of habeas relief (*id*. at 58-59). On January 18, 2017, the Texas Court of Criminal Appeals denied relief without written order on the trial court's findings (Dkt. 15-1).[2]

Wilson then filed the instant federal habeas petition, which challenges only his manslaughter conviction (Dkt. 1, at 2). Wilson brings the following claims: (1) "civil rights violation by the Galveston Police" in connection with Petitioner's mental health issues; (2) "duress from presiding judge" because the judge was "changed . . . on the day of trial" and "the new judge had been driving the [Catholic] priest to church for 12 years and I killed the priest['s] brother"; (3) ineffective assistance of trial counsel because

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

[2] Wilson simultaneously filed an application for state habeas relief from his aggravated assault conviction (WR-86,222-02) (Dkt. 15-4). The Texas Court of Criminal Appeals denied relief (Dkt. 15-3).

counsel had refused to ask for an impartial judge or a competency hearing and had failed to collect evidence regarding alleged civil rights violations by police; and (4) misconduct by the prosecutor who revoked his bond after Wilson attempted suicide (*id.* at 6-7). On the petition's signature page, Wilson dated the petition July 8, 2017. However, he did not mail the petition until December 21, 2017, when he mailed it to the District Clerk for Galveston County, who forwarded the petition to this Court. *See* Dkt. 1 (ECF notation regarding receipt of petition); Dkt. 1-1 & Dkt. 1-2 (envelopes). This Court received and docketed the petition on January 4, 2018.

Wilson also filed a separate federal habeas petition (Dkt. 2) challenging a disciplinary proceeding. The Court severed the second petition into a second civil action (Dkt. 8). *See* Civil Action No. 3:18-0097 (dismissed on May 16, 2018). Therefore, this opinion does not address Respondent's arguments regarding the second petition.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), this federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because Wilson challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). Judgment against Wilson was entered on December 7, 2015 (Dkt. 15-2, at 64), and his thirty-day period to appeal expired on Wednesday, January 6, 2016. *See* TEX. R. APP. P.

26.2(a)(1). The statute of limitations under the AEDPA expired one year later, on Friday, January 6, 2017. *See* 28 U.S.C. § 2244(d)(1)(A). Wilson's federal petition, which was executed on July 8, 2017, mailed on December 21, 2017, and docketed with this Court on January 4, 2018, is time-barred unless a statutory or equitable exception applies.[3]

Wilson is entitled to statutory tolling for the time his state habeas application was pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). His state application was executed on November 1, 2016, and the Texas Court of Criminal Appeals denied relief on January 18, 2017, seventy-eight days later. With a credit of seventy-eight days, Wilson's deadline was extended from January 6, 2017, to Saturday, March 25, 2017, and therefore was Monday, March 27, 2017. *See* FED. R. CIV. P. 6(a)(1)(C). Statutory tolling under Section 2244(d)(2) does not render his federal petition timely.

As for the statutory tolling provisions in Section 2244(d)(1), Wilson asserts neither a state-created impediment to filing for habeas relief nor a constitutional right newly recognized and made retroactive by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). However, his assertion in his federal petition that he was unable to obtain certain evidence until May 11, 2017 (Dkt. 1, at 8) could be construed as an argument for tolling under Section 2244(d)(1)(D) based on discovery of a claim's "factual predicate." *See* 28

---

[3] In the section of his federal petition asking about any applicable exceptions to the statute of limitations, Wilson wrote, "no N/A" (Dkt. 1, at 9).

U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Wilson appears to allege that he obtained new evidence in 2017 which supported his claim that his trial counsel was ineffective for failing to challenge the impartiality of the trial judge. *See* Dkt. 1, at 7 ("I just recently wrote a letter and filed writ of ma[n]damus and got the evidence. All [my trial attorney] had to do is walk next door"). However, Wilson's recent receipt of evidence supporting a claim is insufficient to satisfy Section 2244(d)(1)(D)'s requirement of a newly discovered "factual predicate." *See Flanagan*, 154 F.3d 199 ("Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim"); *Hatcher v. Quarterman*, 305 F. App'x 195, at *2 (5th Cir. 2008). This argument therefore does not justify statutory tolling.

Wilson also appears to argue that the evidence he obtained in 2017 supports his federal habeas claim that officers from the Galveston Police Department violated his civil rights when they failed to conduct a mental health evaluation (Dkt. 1, at 6-7). *See* Dkt. 16, at 3 (asserting that he recently received evidence that the arresting officer knew of his mental health diagnosis). However, Wilson has been aware since the encounter in question that police department did not provide him with a mental health evaluation and that was aware of his mental health condition. In fact, he contends in these federal proceedings that, at the time of his encounter with the officer, he had been signed up for the Galveston Police Department's "mental health program" for "a couple of years" (Dkt. 16, at 3). The Court notes that he presented these same facts regarding the police

department's mental health program in his state habeas application in 2016, in the context of his ineffective assistance of counsel claim (Dkt. 15-2, at 8, 10). His recent receipt of additional evidence supporting his contention does not qualify as a "factual predicate" that he could not have discovered previously through the exercise of due diligence. *See Flanagan* 154 F.3d at 199. Therefore, Wilson is not entitled to tolling under Section 2244(d)(1)(D).

Wilson also claims that he is entitled to equitable tolling because his receipt of evidence supporting his claim regarding his trial judge was delayed by ten months (Dkt. 16, at 2). *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). A petitioner is entitled to equitable tolling of the limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). These authorities do not recognize receipt of new supporting evidence as an "extraordinary circumstance" that prevented timely filing of a petition asserting the claim. Wilson arguments do not warrant equitable tolling.

Finally, Wilson does not assert actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a defendant who demonstrates "actual innocence" of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review). Moreover, no basis for such a claim is apparent from the record, given that Wilson's petition brings claims for civil rights violations, duress

from the presiding judge, ineffective assistance of trial counsel, and prosecutorial misconduct, none of which are relevant to *McQuiggin*'s requirement that he show actual innocence of the crime for which he was convicted.

Accordingly, the petition must be dismissed as untimely filed.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

**IV.    CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 28th day of February, 2019.

George C. Hanks Jr.
United States District Judge